UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-cv-81268-Middlebrooks/Matthewman

TIMOTHY BING, JR.,

    Petitioner,

v.

SECRETARY MARK S. INCH,

    Respondent.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS
CORPUS BY A PERSON IN STATE CUSTODY [DE 1]**

THIS CAUSE is before the Court upon Petitioner, Timothy Bing, Jr.'s ("Petitioner") Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") [DE 1]. The matter was referred to the undersigned United States Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge. *See* DE 5. Respondent, Mark Inch, Secretary, Florida Department of Corrections ("Respondent"), has filed a response to the Petition [DE 8], an Appendix [DE 9], and transcripts [DE 10]. Petitioner has filed a reply [DE 11]. The Court has reviewed and carefully considered the Petition, the response, the reply, the exhibits, the transcripts, and all pertinent portions of the underlying criminal file.

    **I.**    **WHETHER PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING**

As a preliminary matter, the Court finds that an evidentiary hearing is not required in this case. "Because this habeas petition can be resolved by reference to the state court record there is no need for an evidentiary hearing." *Josey v. Inch*, No. 19-62510-CV, 2020 WL 2497884, at *3

(S.D. Fla. Apr. 22, 2020), *report and recommendation adopted,* No. 19-CV-62510, 2020 WL 2494642 (S.D. Fla. May 14, 2020) (citing 28 U.S.C. § 2254(e)(2)); *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007)) (holding that, if the record refutes the factual allegations in the petition or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing). Here, Petitioner has failed to demonstrate the existence of any factual disputes that warrant a federal evidentiary hearing. Therefore, Petitioner is not entitled to an evidentiary hearing and no evidentiary hearing shall be scheduled.

Further, the Court finds and RECOMMENDS that Petitioner's Petition be DENIED in its entirety, as discussed in detail below.

## II.  BACKGROUND

This case originated in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (case number 2017CF006413AMB). On July 14, 2017, Petitioner was charged by Information with trafficking in heroin (Count 1), felon in possession of firearm or ammunition (Count 2), sale of cocaine (Count 3), possession of marijuana with intent to sell (Count 4), trafficking in amphetamine (Count 5), and possession of paraphernalia (Count 6). [DE 9-1, Ex. 3].

On September 30, 2018, Petitioner filed a Motion to Dismiss Case [DE 9-1, Ex. 9]. According to the motion, Petitioner demanded discovery from the State. *Id.* The State responded with discovery, including witness and exhibit lists, in accordance with the FRCP rules for discovery in a criminal case. *Id.* Petitioner filed reciprocal discovery lists. *Id.* Before any depositions were conducted or motions were filed, the State made a plea offer to Petitioner of 15 years of incarceration with a 7-year mandatory minimum sentence. *Id.* The plea offer was allegedly

based upon the policy of the State Attorney's Office of the 15th Judicial Circuit which premises a plea on the defendant not taking any depositions or filing and having heard by the court any pretrial motions. *Id.* Petitioner conducted depositions and filed a motion to suppress, which was ultimately denied. *Id.*; DE 1. The State then withdrew the plea offer because depositions had been conducted and motions had been filed and heard. [DE 9-1, Ex. 9].

An Amended Information was filed on October 1, 2018. [DE 9-1, Ex. 4]. On February 12, 2019, Petitioner was charged by Second Amended Information with trafficking in heroin (Count 1), trafficking in cocaine (Count 2), felon in possession of firearm or ammunition (construction possession) (Count 3), possession of marijuana with intent to sell (Count 4)[1], possession of paraphernalia (production) (Count 5); and felon in possession of a firearm (constructive possession) (Count 6). [DE 9-1, Ex. 5]. Petitioner filed a motion to sever Counts 3 and 6, which motion was granted. [DE 9-1, Ex. 7].

On April 16, 2019, at the start of Petitioner's jury trial, the state court judge heard argument on the Motion to Dismiss. [DE 10-1 at 32-45]. Additionally, Daniel Eisenger, the chief of the felony division of the Public Defender's Office in West Palm Beach, testified, and the assistant state attorney handling Petitioner's case provided a narrative of what had happened and how she had been trying to incentivize Petitioner to take a plea. *Id.* at 35-43. The judge denied the Motion to Dismiss. *Id.* at 43. He found that there was no Sixth Amendment violation and there is no "entitlement even under the Constitution to a plea offer." *Id.* at 43-44. The judge also stated as follows:

> I know [t]he case law is clear the State can revoke their offer all the way up to the

---

[1] For Counts 1, 2, and 4, Defendant was also charged with committing the crimes "while in possession of firearm." The jury did not find that Defendant was in possession of a firearm while committing those offenses.

3

> time before the Court accepts, just like the Defense can. And so I don't think there's a Sixth Amendment violation. I am aware that many times these offers are made this way. And I'm also aware, Mr. Eisenger just testified, that the position of the Public Defender's office is they're not going to recommend a plea offer to their client, for example, early on at arraignment until they've had at least the discovery package delivered. So both sides have policies. And I understand them. So I'm not going to dismiss the case at this point.

*Id.* at 44.

After a jury trial, on April 18, 2019, Petitioner was found and adjudicated guilty on Count 1 (for 28 to 30 kg of heroin), Count 2, Count 4 (but the lesser included offense of possession of marijuana), and Count 5. [DE 9-1, Ex. 8]. On May 28, 2019, Petitioner was sentenced to 25 years in prison on Counts 1 and 2, with a minimum mandatory of 25 years in prison and 700 days of jail credit. [DE 9-1, Ex. 1]. He was sentenced to 364 days' time served for Counts 4 and 5. *Id.* All sentences were to run concurrently. *Id.* At the start of the sentencing hearing, Petitioner again raised his motion to dismiss argument. [DE 10-2 at 6]. He testified that he would have accepted the plea if the State had not withdrawn it and that he would still accept the plea at the current time. *Id.* at 7. The state court judge again found no merit to these arguments. *Id.* at 10.

Petitioner filed a Notice of Appeal [DE 9-1, Ex. 10] on June 20, 2019. In his Initial Brief, he argued that the trial court erred in denying his motion to suppress evidence, that the trial court erred in denying his motion to dismiss where the State withdrew the plea offer as punishment for him taking part in discovery and pretrial motions, and the trial court erred in failing to grant judgment of acquittal. [DE 9-1, Ex. 11]. The Fourth District Court of Appeal issued a per curiam affirmance in Case No. 4D19-1957 on July 30, 2020. [DE-1, Ex. 13; 300 So.3d 655 (4th DCA 2020)].

4

### III.     PETITION, RESPONSE, AND REPLY

#### A. The Petition [DE 1]

In the underlying Petition, Petitioner seeks federal habeas relief, arguing that the State violated his "due process rights and right to effective assistance of counsel when it withdrew it[s] plea offer as punishment for [P]etitioner taking part in discovery and pretrial motions." [DE 1]. Petitioner also filed a Memorandum in Support of His 2254 Petition. [DE 1].

#### B. The Response [DE 8]

The State argues that Petitioner had no constitutional right to a plea offer, that the State could withdraw the plea offer at any time without justification, and that Petitioner's arguments "implicate the separation of powers between the executive power (the prosecution) and the judicial branch (the court)." [DE 8 at 17-18].

#### C. The Reply [DE 11]

In reply, Petitioner concedes that "a defendant is not 'entitled' to a plea" and that "the State of Florida has discretion in deciding what if any type of pleas should be offered and discretion in withdrawing a plea." [DE 11 at 1]. However, Petitioner asserts that this discretion "should not be absolute and cannot be exercised in violation of the constitutional rights of a defendant." *Id*. He claims that the State's policy of punishing him if he engaged in discovery or motion practice violated his due process rights and the right to effective assistance of counsel pursuant to the Sixth and Fourteenth Amendments of the U.S. Constitution and pursuant to the Florida Constitution. *Id*. Petitioner points out that defendants are entitled to effective assistance of competent counsel during plea negotiations and argues that an attorney cannot be effective without investigating the

facts of the case. *Id.* at 2.

## IV.     RELEVANT LAW

Pursuant to 28 U.S.C. § 2254(d), an individual in state custody is entitled to federal habeas corpus relief only on the ground that he is in custody in violation of the United States Constitution or laws or treaties of the United States. To obtain habeas corpus relief from a federal court, a prisoner must demonstrate that the state court's ruling on the claim: 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2) (2018); *see also Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *Fugate v. Head*, 261 F.3d 1206, 1215-16 (11th Cir. 2001).

"A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in this Court's cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams*, 529 U.S. at 405-06. "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies such precedents to the facts in an objectively unreasonable manner." *Id.* In the context of habeas petitions, "clearly established Federal law" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002) (citing *Williams*, 529 U.S. at 412). Federal courts are required to presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir.

2001).

The Supreme Court repeatedly has held that "[t]he petitioner carries the burden of proof" and that the § 2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102-03 (2011)); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). State court decisions must be given a strong presumption of deference even when the state court adjudicates a petitioner's claim summarily. *See Richter*, 560 U.S. at 96-100; *Gill v. Mecusker*, 633 F.3d 1272, 1288 (11th Cir. 2011).

## V.   ANALYSIS

As an initial matter, there is no dispute that the Petition is timely under 28 U.S.C. § 2244(d)(1). *See* DE 8 at 6. The State also concedes that "Plaintiff did alert the state court to the 'federal nature' of his claim, such that it is likely exhausted." *Id.* at 8. Therefore, the Court can proceed directly to the merits of the Petition.

Petitioner acknowledges that "a defendant is not 'entitled' to a plea" and that "the State of Florida has discretion in deciding what if any type of pleas should be offered and discretion in withdrawing a plea," so long as that discretion does not violate the constitutional rights of a defendant. [DE 11 at 1]. Neither Petitioner nor the State has cited a case directly on point for the issue of whether the State's policy of withdrawing plea offers if a defendant engages in discovery or motion practice violates the defendant's due process rights and the right to effective assistance of counsel. Rather, both have extrapolated their arguments from other settled areas of the law. Nor can the Court find any cases directly on point through its independent research.

The State points out that that Article II, section 3 of the Florida Constitution provides for separation of powers. [DE 8 at 19]. It argues that Petitioner's demand that the Court either dismiss

the charges or order the State to again offer the original plea "implicate[s] separation of powers concerns by interfering with the State's discretion to prosecute cases." *Id.* Florida Rule of Criminal Procedure 3.172(f) states, "[n]o plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification." The State clearly has the discretion to withdraw a plea offer at any time until a plea offer is formally accepted by the trial judge. *Bass v. State*, 932 So. 2d 1170, 1172 (Fla. 2nd DCA 2006). Furthermore, "a defendant is not entitled to a plea offer from the State; that is a discretionary matter entirely within its executive domain." *Id.*

"Under Florida's constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute." *State v. Bloom*, 497 So. 2d 2, 3 (Fla. 1986) (citing Art. II, § 3, Fla. Const.). "[A]rticle II, section 3, of the Florida Constitution prohibits the judiciary from interfering with this kind of discretionary executive function of a prosecutor." *Id.*; *see also United States v. Smith*, 523 F.2d 771, 782 (5th Cir. 1975) (recognizing that courts should not curb prosecutorial discretion except in very limited circumstances.). In a recent case, the Florida Supreme Court explained the following:

> The second justification is found in Florida's constitutional directive for separation of powers, art. II, § 3, Fla. Const., and the executive branch's exclusive discretion under Florida law to prosecute or not prosecute an individual for crimes committed. *See* ch. 27, Fla. Stat. (2019); *see also Ayala v. Scott*, 224 So. 3d 755, 759 n.2 (Fla. 2017) ("[T]he power to prosecute ... is a purely executive function ...."); *State v. Bloom*, 497 So. 2d 2, 3 (Fla. 1986) ("Under Florida's constitution, the decision to charge and prosecute is an executive responsibility, and the state attorney has complete discretion in deciding whether and how to prosecute."); *Fulk v. State*, 417 So. 2d 1121, 1126 (Fla. 5th DCA 1982) (Cowart, J., concurring specially) ("Although state attorneys, like all attorneys, are officers of the court, the

8

> execution of criminal statutes by enforcement, including prosecution, is an executive function of government. The state attorney, when acting as a prosecuting officer under article V, section 17, of the Florida Constitution and under chapter 27 of the Florida Statutes, is performing an executive function and not a judicial function." (footnote omitted)). Any judicial rule authorizing a defendant to present an uncharged offense for a jury's consideration, over the objection of the prosecution, would interfere with the executive branch's exclusive authority to prosecute cases and would constitute a substantive change in Florida law.

*Anderson v. State*, 291 So. 3d 531, 535 (Fla. 2020).

Given this body of law and the fact that making and withdrawing plea offers clearly falls within the umbrella of prosecutorial discretion, the Court agrees with the State that the Court cannot dismiss the charges or require the State to re-offer the plea with violating the separation of powers provided for in the Florida Constitution.

Additionally, the Court has carefully considered Petitioner's arguments about how the plea offer being contingent on him not conducting discovery violated his due process rights and right to effective assistance of counsel. Petitioner has not identified any law directly supporting these arguments. Moreover, it is clear that the State's policy of incentivizing defendants not to conduct certain discovery by threatening to withdraw plea offers if the defendants conduct said discovery is not unconstitutional *per se*.

And, in Petitioner's specific case, he was represented by a lawyer Petitioner does not dispute was effective. Petitioner was offered a change of plea, which the State was not required to offer, with certain conditions, and he instead opted to proceed with additional discovery and motion practice. The change of plea was then withdrawn before it was accepted by Petitioner or ratified by the Court. Furthermore, in the case at hand, the State did provide Petitioner with discovery, including witness and exhibit lists, in accordance with the FRCP rules for discovery in a criminal case. [DE 9-1, Ex. 9]. Thus, Petitioner's argument that his attorney could not be effective

9

without some investigation of the facts is without merit and somewhat disingenuous.

The case at hand appears to be a situation where Petitioner opted not to accept a plea offer and then regretted his decision after his motion to suppress was denied. While not everyone may agree with the State's policy, the State has not violated Petitioner's constitutional rights in this case by following that policy. Furthermore, to grant the relief sought by Petitioner would be a violation of the separation of powers. In sum, Petitioner simply has not demonstrated by clear and convincing evidence that the trial court's decision to deny his motion to dismiss and the Fourth District Court of Appeal's per curiam affirmance are contrary, or involve an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. Nor has Petitioner met his burden of showing that the decisions were based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding.

## VI.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b) to the Rules Governing § 2254 Proceedings.

After a careful review of the record, the Court finds that Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may [be] issued[d] . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists

would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised in the Petition are clearly without merit, Petitioner cannot satisfy the *Slack* test. Upon consideration of the record as a whole, the District Judge should deny a certificate of appealability.

## VII.   RECOMMENDATION TO THE DISTRICT JUDGE

A very careful review of the entire record establishes that Petitioner's claims are meritless and due to be denied for the reasons stated above. No evidentiary hearing is necessary. The Petition fails to establish any grounds for relief. Accordingly, the undersigned United States Magistrate Judge recommends that the United States District Judge **DENY** Petitioner Timothy Bing, Jr.'s Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [DE 1].

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 31st day of January 2022.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge